# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 643 | **DATE** | 3/24/2011 |
| **CASE TITLE** | Harrington vs. Champps Operating Corp., et al. | | |

**DOCKET ENTRY TEXT**

The motion of Michael Canulli for leave to appear *pro hac vice* is granted [11]. Plaintiff's motion to remand is denied for the reasons stated in open court on 3/23/11 [12]. Defendants' motions to strike are terminated as moot [7 & 14]. For the reasons stated below, the Court denies defendants' motion to dismiss but grants their motion to transfer [4]. The Clerk is directed to transfer this case to the District of Colorado.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Kristin Harrington filed suit in state court against Champps Operating Group and various other defendants (collectively, "Champps"). Champps operates restaurants. It employed Harrington as the managing partner at a restaurant in Lombard, Illinois. At the time, Champps was headquartered in Colorado. It later moved its headquarters to Kansas. Harrington has resided in Illinois at all times relevant to this suit.

Harrington had two written contracts with Champps. Champps terminated her employment in late December 2008, and one of its employees caused a criminal complaint for theft to be filed against her, which led to her arrest. Harrington has sued the defendants for breach of both of the written contracts; under the Illinois Wage Claim Act, 750 ILCS 225/1; for breach of the Champps employee handbook, which Harrington contends is an enforceable contract; and for false arrest.

Champps removed the case to federal court based on diversity of citizenship. The Court previously found that the removal was proper, and it denied Harrington's motion to remand the case to state court. After removing the case, Champps moved to dismiss the case for improper venue or in the alternative to transfer the case to the District of Colorado.

Harrington's employment agreement includes a provision that states as follows: "Employee hereby agrees that any action brought by Employee, alone or in combination with others, against the Employer or its affiliates, whether arising out of this Agreement or otherwise, shall be brought exclusively in the Colorado (U.S. District Court)." Employment Agr. ¶ 25. Via its motion, Champps seeks to enforce this provision.

"[U]nder either federal or Illinois law, forum selection clauses are valid and enforceable." *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 761 (7th Cir. 2006). *See generally Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591-92 (1991); *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972). Forum

selection clauses are subject, at least in some circumstances, to scrutiny for fundamental fairness, *see Carnival Cruise Lines*, 499 U.S. at 595, but in this case Harrington has offered nothing to indicate that Champps selected Colorado as the forum for resolving disputes to discourage her from pursuing legitimate claims. *See id*. Indeed, Champps was headquartered in Colorado at the time, which (as in *Carnival Cruise Lines*) belies any suggestion of such a bad-faith motive.

There is Illinois authority that supports finding a forum selection clause unenforceable if its enforcement would violate Illinois public policy. In *Maher and Assocs., Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69, 640 N.E.2d 1000 (1994), the court considered a forum selection clause in a sales representative's contract. The court stated that a contractual forum selection clause

> is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would contravene the strong public policy of the State in which the case is brought or that the chosen forum would be seriously inconvenient for trial. If both parties freely enter an agreement contemplating such inconvenience should there be a dispute, one party cannot successfully argue inconvenience as the reason for voiding the forum clause.

*Id.* at 74-75, 640 N.E.2d at 1000, 1004-05 (citations omitted). The same is true here; Harrington freely entered into the employment agreement and thus cannot argue her own inconvenience as a basis not to enforce the forum selection clause.

The court in *Maher and Associates* went on to say, however, that a court "may void [a] forum-selection clause if it violates a fundamental Illinois public policy. When the legislature, by enacting a statute, declares the public policy of the State, the judicial branch must defer to that pronouncement." *Id.* at 75, 640 N.E.2d at 1005 (citation omitted). The court found that the Illinois Sales Representative Act, which was at issue in that case, constituted fundamental Illinois public policy. The Sales Representative Act contained a provision stating that any contractual term purporting to waive any of the Act's provisions was void. *See id.* (quoting 820 ILCS 120/2). For this reason, the court concluded that enforcement of the forum selection provision would violate Illinois public policy. *Id.* at 75-76, 640 N.E.2d at 1005.

No similar provision exists in any Illinois statute upon which Harrington bases or suggests she might base a claim in this case. The Illinois statute she cites in her complaint, 705 ILCS 225/1, simply provides for an award of attorney's fees in any action by an employee to recover wages due and owing. And the only other statute that might conceivably apply based on Harrington's arguments on the present motion – namely, the Illinois Wage Payment and Collection Act, 820 ILCS 115/5 – does not contain any provision like the one in the Sales Representative Act upon which the court relied in *Maher and Associates*. In any event, Champps argues, and Harrington does not dispute, that Colorado law contains provisions similar to these (though the Court hastens to add that it has not been called upon to determine whether Colorado law will govern this case).

In sum, Harrington has offered no viable basis upon which the Court may decline to enforce the forum selection provision to which she agreed.

At argument, the Court inquired of Harrington's counsel whether, if the Court enforced this term of the contract, Harrington would prefer dismissal for improper venue or transfer. The latter is a permissible course of action even if a plaintiff files suit in the wrong venue. *See* 28 U.S.C. § 1406(a). Harrington's counsel said he would prefer transfer, due to concern that dismissal might cause the statute of limitations to run. He argued for transfer to Kansas or Minnesota, where Champps also has a significant presence, but there is no

| **STATEMENT** |
|---|
| basis for the Court to rewrite the contract in this regard.<br><br>For these reasons, the Court denies defendants' motion to dismiss but grants their motion to transfer. |